UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STATE OF CONNECTICUT       :   3:19mj 1377(WIG)
                                    ss. BRIDGEPORT, CT
COUNTY OF FAIRFIELD        :

AFFIDAVIT

I, Meghan B. King, a Special Agent with the Federal Bureau of Investigation ("FBI"), New Haven Division, being duly sworn do hereby state:

1.      I am a Special Agent with the Federal Bureau of Investigation (FBI), where I have been employed since 2012. I am a graduate of the FBI Training Academy in Quantico, Virginia where I received training in white collar crime, cyber-crime, interviewing, interrogation, evidence collection, intelligence analysis, and legal matters, among other topics. Prior to my employment with the FBI, I spent two years as an Assistant District Attorney (ADA) in Boston, Massachusetts. As an ADA, I prosecuted criminal cases ranging from simple misdemeanors to violent felonies. I am currently a member of the Massachusetts bar.

2.      During the course of my career, I have participated in numerous criminal investigations, including investigations into suspected narcotics trafficking, firearms trafficking, violent criminal activity, racketeering and money laundering. My participation in these investigations has included coordinating controlled purchases of narcotics utilizing confidential informants and cooperating witnesses; coordinating the execution of search and arrest warrants; conducting electronic and physical surveillance; analyzing records related to narcotics trafficking; and testifying in Grand Jury and District Court proceedings. I have led investigations into organized criminal enterprises to include violent street gangs and complex narcotics trafficking

1



organizations. Finally, I have participated in several investigations involving the use of court-authorized interception of wire and electronic communications.

3. I am an investigative or law enforcement officer of the United States within the meaning of Title 18, United States Code, Section 2510(7) in that I am empowered by law to conduct investigations of and to make arrests for offenses enumerated in Title 18, United States Code, Section 2516. I have personally participated in the investigation concerning violations of the federal laws listed herein.

4. I make this affidavit in support of an application for an arrest warrant for CHRISTOPHER CARTER, a.k.a. "Crunchy Black," born March 13, 1989, for being a felon in possession of a firearm in violation of 18 U.S.C. Section 922(g). I have reviewed CARTER's federal and Connecticut State criminal history records, which indicate: (1) on February 27, 2018, CARTER was convicted of Larceny in the first degree in violation of Connecticut General Statute §53a-122 and Failure to Appear First in violation of Connecticut General Statute §53a-172, for which he was sentenced to 1 year in jail; (2) on November 13, 2014, CARTER was convicted of Possession with Intent to Distribute Narcotics in violation of Connecticut General Statute §21a-278(b), for which he was sentenced to ten years in jail, 5 years to serve, and 3 years of probation; (3) on November 13, 2014, CARTER was convicted of Possession with Intent to Distribute Narcotics in violation of Connecticut General Statute §21a-277(a), for which he was sentenced to 4 years in jail; and (4) on January 6, 2011, CARTER was convicted of Sale of Narcotics in violation of Connecticut General Statute §21a-277(a) for which he was sentenced to 18 months in jail. The review of the CARTER's Department of Correction Movement History reflects that he was incarcerated relating to the above offenses, and served terms of incarceration

2



of greater than 2.5 years, greater than 13 months and just greater than 1 year.

5. The information contained in this affidavit is based on my own personal knowledge as well as information supplied to me by fellow law enforcement officers and agencies including the Bridgeport Police Department. This affidavit does not purport to set forth each and every detail of the investigation to date.

6. On August 14, 2019, following up on information provided from a confidential human source (CHS) -- who has provided information in the past that has been corroborated and found to be true, accurate and credible -- that "Trell or "Latrell," using mobile telephone number (860) 879-9469, was operating a red Pontiac G6 coupe and was planning to commit an imminent armed robbery in the City of Bridgeport in the company of two unidentified males and was in the possession of two firearms, law enforcement mobilized to address the public safety threat.

7. Utilizing law enforcement databases, open source information, and social media queries, and information provided by Sprint, investigators identified Latrell Moore, born September 8, 2019 as "Latrell" or "Trell," associated with a red Pontiac G6, and Moore's location in the area of Newfield Avenue, Bridgeport, Connecticut. Physical surveillance teams deployed to the area located a red Pontiac G6 Coupe, bearing Connecticut registration AU69225, parked south on Newfield Avenue at the intersection of Adams Street. I responded to the area and positively identified Moore socializing with two other individuals, one of whom was carrying a backpack and was later observed entering a residence identified as 207/205 Newfield Avenue. The other unknown male, later identified as CARTER, got into the passenger seat of the Pontiac G6, a two door vehicle, while Moore was the driver of vehicle. Only two individuals were observed in the car.

3

9. The vehicle departed the area travelling east on Adams Street. Law enforcement officers followed the vehicle out of the area. I observed the car make a number of frequent and unusual turns indicating that Moore was alerted to police presence. As such, he began accelerating at a higher rate of speed and made a wide turn onto Union Avenue from Blackstone Street. As Moore turned east on Orange Street, an unmarked Bridgeport Police cruiser pulled up behind Moore and activated its lights and sirens. Just as the lights and sirens were activated, I observed a black handgun being discarded from the passenger side window, that is, from the window directly adjacent to the seat occupied by CARTER. The handgun bounced off a Ford Ranger pickup truck and fell to the ground in the area of 188 Orange Street. Moore then accelerated at a high rate of speed down Orange Street.

10. Members of the FBI Bridgeport Safe Streets Task Force stopped to recover the firearm, identified as a Browning designed FN Herstal .25 caliber semi-automatic handgun bearing serial number 1013377, while members of the Bridgeport Police Department chased Moore and the Pontiac G6. After recovering the firearm, I proceeded east on Orange Street and observed that the Pontiac G6 had crashed into a brick wall at 68 Hollister Avenue. The passenger, then identified as CARTER, jumped out of the vehicle from the passenger side door and was apprehended a short distance away. Moore also attempted to flee the Pontiac G6, from the front driver side, but was immediately apprehended.

11. Officers observed a revolver in plain view on the driver's seat. A search of the Pontiac G6 yielded a Johnson Arms .38 caliber revolver bearing serial number 85286 on the driver's seat, a clear plastic bag weighing approximately 8.8 grams that contained 47 smaller plastic knotted bags each containing an off-white rock like substance that yielded a positive

reaction for the presumptive presence cocaine (in the driver's side door pocket), several pairs of sunglasses, a brown wig (on the back seat), and a small clear zip-lock bag containing green plant like material yielding a positive reaction for the presumptive presence of marijuana (on the passenger seat). Officers conducted a search of CARTER's person and in the area of his buttocks/groin they recovered a clear plastic bag weighing approximately 2.8 grams that contained several smaller knotted plastic bags each containing an off-white rock like substance that yielded a positive reaction for the presumptive presence of cocaine. Both Moore and CARTER were also found to be in the possession of cellular telephones.

12. Both Moore and CARTER were transported to Bridgeport Hospital for evaluation/treatment. After being cleared hospital staff, CARTER provided a video/audio recorded post-Miranda statement. During the interview, while indicating it was not his firearm, CARTER admitted to handling the Browning designed FN Herstal .25 caliber handgun, including taking out the gun's magazine, and holding the gun in his palm. He also admitted, during the police pursuit, that he grabbed the gun off the center console and threw it out the window. He further admitted being in the possession of 7-9 "slabs" of crack-cocaine. Information pertaining to the firearm has been submitted to the ATF Tracing Center to determine its origin. However, based on my training and experience and in consultation with other law enforcement officers trained in the origin of firearms, I know that FN Herstal does not manufacture firearms in the United States. Therefore, this firearm traveled in interstate or foreign commerce because it was imported into the United States.

13. Although CARTER was arrested and is currently in state custody, premature disclosure of information pertaining to this investigation would seriously jeopardize the

5

government's ongoing investigation in the District of Connecticut, particularly as we continue to investigate a series of robberies allegedly undertaken by Moore. Accordingly, I request that this affidavit and the accompanying applications, warrants and orders be ordered sealed until further order by the Court.

15. Based on the foregoing paragraphs there is probable cause to believe and I do believe that CHRISTOPHER CARTER has violated 18 United States Code Sections 922(g)(1) and 924(a)(2). In consideration of the foregoing, I respectfully request that this Court issue an arrest warrant for CHRISTOPHER CARTER, born March 13, 1989.

MEGHAN B. KING
SPECIAL AGENT
FEDERAL BUREAU OF INVESTIGATION

Sworn and subscribed before me on this 12th day of September, 2019.

/s/ William I. Garfinkel
HON. WILLIAM I. GARFINKEL
UNITED STATES MAGISTRATE JUDGE

6